CV 01234

Matthew S. Schultz (MSS 1518)
CONNELL FOLEY LLP
888 7th Avenue, Suite 3401
New York, New York 10106
(212) 262-2390
Attorneys for Defendants, Milbank 2723 Webb, LLC and Milbank Ventures, Inc.

FEB 06 2008

U.S.D.C. S.D. N.Y.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE A. MENDEZ,<br><br>  Plaintiff,<br><br>v.<br><br>MILBANK 2723 WEBB, LLC, MILBANK VENTURES, INC. AND TGY REALTY, LLC,<br><br>  Defendants. | Civil Action No._____<br>ECF Case<br><br><br><br>**NOTICE OF REMOVAL** |

TO:   THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF NEW YORK

Defendants, Milbank 2723 Webb, LLC, a Delaware Limited Liability Company with its

principal place of business located in Los Angeles, California and Milbank Ventures, Inc., a

Delaware Corporation with its principal place of business located in Los Angeles, California,

through its counsel, Connell Foley LLP, in accordance with the provisions of 28 U.S.C. § 1446,

respectfully state:

1.   Defendants desire to exercise their right under the provisions of 28 U.S.C. § 1441

to remove this action from the Supreme Court of the State of New York, County of Bronx, where

the case is now pending under the name and style, Jose A. Mendez v. Milbank 2723 Webb, LLC,

Milbank Ventures, Inc. and TGY Realty, LLC, bearing index number 301440-07.

04191/075661
1915178-01

2.     A copy of the Verified Complaint filed by plaintiff in the Supreme Court of New York, County of Bronx is attached hereto as Exhibit "A".

3.     A copy of Defendants, Milbank 2723 Webb, LLC and Milbank Ventures, Inc.'s, Answer to the Verified Complaint, also filed separately, is attached as Exhibit "B".

4.     Plaintiff's Verified Complaint was filed on or about October 3, 2007.  On or about December 6, 2007 a copy of the Summons and Verified Complaint was delivered to the office of the Secretary of State of the State of New York directed to defendant Milbank 2723 Webb, LLC only.  Defendant Milbank 2723 Webb, LLC first received notice that such service had been made on January 7, 2008, when it received a letter from plaintiff's counsel enclosing a copy of the Summons and Complaint.  Thus, the time within which defendant Milbank 2723 Webb, LLC may remove this case did not begin to run until that date.  Fernandez v. Hale Trailer Brake and Wheel, 322 F. Supp. 2d. 621 (S.D.N.Y. 2004).  Moreover, defendant, Milbank Ventures, Inc. has never been served with the Summons and Verified Complaint at any time.  The 30 day removal period does not begin to run until a defendant is actually served with process; receipt of a copy informally or in a manner not adequate to comply with service requirements does not start the clock running.  Murphy Brothers, Inc. v. Michetti Pipestringing, Inc., 119 S.Ct. 1332 (1999).  Importantly, the period for removal begins to run from the time that the last defendant was served.  Glatzer v. Hanley, 2007 WL1334971 (S.D.N.Y. 2007).  Thus, the 30 day removal period prescribed by 28 U.S.C. 1446 (b) has not yet begun to run in this matter.

5.     This action is removable to this Court, by defendants, pursuant to the provisions of 28 U.S.C. § 1441(a).

6.     Upon information and belief, defendant, Milbank 2723 Webb, LLC, at the time this action was commenced, was and still is a limited liability company organized under the laws

of the State of Delaware with its principal place of business in Los Angeles, California. Milbank 2723 Webb, LLC does not have any members who are citizens of the State of New York.

7.     Defendant Milbank Ventures, Inc., at the time this action was commenced, was and still is a domiciliary of the State of California, being incorporated in the State of Delaware, and maintaining its principal place of business in Los Angeles, California.

8.     Upon information and belief, defendant TGY Realty, LLC is a limited liability company organized under the laws of the State of New York, with its principal place of business at 36-08 30th Avenue, Astoria, NY 11103.  According to the most recently filed Biennial Statement, TGY Realty LLC is comprised of a member named Konstandinos Vorillas.  It is unknown whether this person is a citizen of the State of New York.

9.     According to the complaint, defendant, TGY Realty LLC is named as a defendant because it is the owner of the subject premises upon which plaintiff claims to have suffered injury on May 1, 2007.  However, defendant Milbank 2723 Webb, LLC became the title owner to the property in question by way of a deed between TGY Realty LLC and Milbank 2723 Webb, LLC executed on April 23, 2007.  Thus, defendant TGY Realty LLC is not a proper party to this case.  Instead, TGY Realty is a nominal party with no discernable relationship to the cause of action and cannot defeat these defendants' right to removal.  Trumps v. Harley of New York Associates, 1995 WL 656983 (S.D.N.Y. 1995).

10.     The above described action is one of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, in that it is a civil action wherein, upon information and belief, plaintiff will allege that his damages exceed the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.  Plaintiff's Complaint alleges that on May 1, 2007, plaintiff was caused to trip and fall "thereby sustaining serious and

severe personal injuries." (Plaintiff's Complaint, ¶ 34). Finally, plaintiff's Complaint demands damages "in a sum exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction." (Plaintiff's Complaint, ¶ 35).

11.    As admitted in plaintiff's Complaint, plaintiff, at the time this action was commenced, was a citizen of the State of New York.

12.    At the time this action was commenced, Defendant, Milbank 2723 Webb, LLC was and still is a limited liability company organized under the laws of the State of Delaware with a principal place of business in Los Angeles, California. Milbank 2723 Webb, LLC does not have any members who are citizens of the State of New York.

13.    At the time this action was commenced, defendant, Milbank Ventures, Inc., was and still is a domiciliary of the State of California, being incorporated in the State of Delaware, and maintaining its principal place of business in Los Angeles, California.

14.    The within Notice of Removal is hereby filed within thirty (30) days of Defendants' first receipt of notice of plaintiff's Verified Complaint. See 28 U.S.C. § 1446(a) and (b); see also Fernandez v. Hale Trailer Brake & Wheel, 322 F. Supp. 2d. 621 (S.D.N.Y. 2004); Glatzer v. Hanley 2007 WL 1334971 (S.D.N.Y. 2007).

WHEREFORE, defendants, Milbank 2723 Webb, LLC and Milbank Ventures, Inc., pray that the above action now pending in the Supreme Court of the State of New York, County of Bronx, be removed to this Court pursuant to 28 U.S.C. § 1441(a), (b) and (c).

CONNELL FOLEY LLP
Attorneys for Defendants,
Milbank 2723 Webb, LLC and Milbank Ventures,
Inc.

By: _____
MATTHEW S. SCHULTZ

Dated: February 5, 2008


## LOCAL CIVIL RULE 1.6

I, Matthew S. Schultz, hereby certify pursuant to Local Civil Rule 1.6, that the above-captioned matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

CONNELL FOLEY LLP
Attorneys for Defendants,
Milbank 2723 Webb, LLC and Milbank Ventures,
Inc.

By_____
MATTHEW S. SCHULTZ

Dated:  February 5, 2008

Exhibit A

Fax Server          1/23/2008 11:00:39 AM  PAGE  8/017   Fax Server

Jan.18. 2008  3:08PM                                        No.6144   P. 5

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

JOSE A. MENDEZ,

Plaintiff,

-against-

MILBANK 2723 WEBB LLC, MILBANK VENTURES, INC. AND TGY REALTY LLC,

Defendants.

### VERIFIED COMPLAINT

**Michael A. Ruiz**
*Attorneys for Plaintiff(s)*
Jose A. Mendez
61 Broadway, Suite 2820
New York, New York 10006
(212) 425-2100

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: October 1, 2007

Signature _____
              Michael A. Ruiz, Esq.

TO:

Fax Server                    1/23/2008 11:00:39 AM  PAGE  9/017  Fax Server

Jan.18. 2008  3:08PM                                              No.6144   P. 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------X

JOSE A. MENDEZ,

                                        Plaintiff,

                    -against-

MILBANK 2723 WEBB, LLC, MILBANK VENTURES,
INC. AND TGY REALTY, LLC,

                                        Defendants.

-------------------------------------------------------------X

Index No.: 301440-07

Date Purchased:

**SUMMONS**

Plaintiffs designate Bronx
County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiff resides at:
2710 Webb Avenue
Bronx, NY 10468
County of Bronx

To the above named Defendants:

    You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    NEW YORK, NY
          October 1, 2007

                              MICHAEL A. RUIZ
                              Michael A. Ruiz, PLLC
                              Attorneys for Plaintiff
                              JOSE MENDEZ
                              61 Broadway, Suite 2820
                              New York, NY 10006
                              (212) 425-2100

TO:

    BRONX COUNTY
    COUNTY CLERK

    07 OCT -3 AM 9:05

    RECEIVED

Fax Server          1/23/2008 11:00:39 AM   PAGE   10/017   Fax Server

Jan.18. 2008  3:09PM                                        No.6144   P. 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
JOSE A. MENDEZ,

                                    Plaintiff,          VERIFIED COMPLAINT
                                                        Index No.: 301440/07

                    -against-

MILBANK 2723 WEBB. LLC, MILBANK VENTURES,
INC. AND TGY REALTY, LLC,

                                    Defendants.

------------------------------------------------------------------X

        Plaintiff, by his attorneys, MICHAEL A. RUIZ, PLLC, complaining of the

defendants above-named, respectfully alleges as follows:

        1. At all times hereinafter mentioned, this plaintiff was and still is a resident of the

State of New York, County of Bronx.

        2.      That at all times hereinafter mentioned, the defendant, MILBANK 2723

WEBB, LLC, was and still is a domestic corporation duly organized and existing under

and by virtue of the laws of the State of New York.

        3.      That at all times hereinafter mentioned, the defendant, MILBANK 2723

WEBB, LLC, was and still is a foreign corporation duly organized and existing under and

by virtue of the laws of a foreign jurisdiction.

        4.      That at all times hereinafter mentioned, the defendant, MILBANK 2723

WEBB, LLC, was authorized to transact business in the State of New York.

        5.      That at all times hereinafter mentioned, the defendant, MILBANK 2723

WEBB, LLC, was actually transacting business within the State of New York.

Fax Server                    1/23/2008 11:00:39 AM    PAGE    11/017    Fax Server

Jan.18. 2008  3:09PM                                    No.6144   P. 8

6.    That at all times hereinafter mentioned, the defendant, MILBANK VENTURES, INC. was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.    That at all times hereinafter mentioned, the defendant, MILBANK VENTURES, INC. was and still is a foreign corporation duly organized and existing under and by virtue of the laws of a foreign jurisdiction.

8.    That at all times hereinafter mentioned, the defendant, MILBANK VENTURES, INC. was authorized to transact business in the State of New York.

9.    That at all times hereinafter mentioned the defendant, MILBANK VENTURES, INC. was actually transacting business within the State of New York.

10.    That at all times hereinafter mentioned, the defendant, TGY REALTY, LLC was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.    That at all times hereinafter mentioned, the defendant, TGY REALTY, LLC was and still is a foreign corporation duly organized and existing under and by virtue of the laws of a foreign jurisdiction.

12.    That at all times hereinafter mentioned, the defendant, TGY REALTY, LLC was authorized to transact business in the State of New York.

13.    That at all times hereinafter mentioned the defendant, TGY REALTY, LLC was actually transacting business within the State of New York.

14. That at all times hereinafter mentioned, the defendant, MILBANK 2723 WEBB, LLC, was the owner of a certain premises known as 2725 Webb Avenue, Bronx, New York, and more particularly the stairs and stairway leading to the lobby of said

premises.

15. That at all times hereinafter mentioned, the defendant, MILBANK VENTURES, INC., was the owner of a certain premises known as 2725 Webb Avenue, Bronx, New York, and more particularly the stairs and stairway leading to the lobby of said premises.

16. That at all times hereinafter mentioned, the defendant, TGY REALTY, LLC, was the owner of a certain premises known as 2725 Webb Avenue, Bronx, New York, and more particularly the stairs and stairway leading to the lobby of said premises.

17. Upon information and belief, and at all times hereinafter mentioned, the defendant, MILBANK 2723 WEBB, LLC., maintained the aforesaid premises.

18. Upon information and belief, and at all times hereinafter mentioned, the defendant, MILBANK VENTURES, INC., maintained the aforesaid premises.

19. Upon information and belief, and at all times hereinafter mentioned, the defendant, TGY REALTY, LLC, maintained the aforesaid premises.

20. Upon information and belief, and at all times hereinafter mentioned, the defendant, MILBANK 2723 WEBB, LLC, operated the aforesaid premises.

21. Upon information and belief, and at all times hereinafter mentioned, the defendant, MILBANK VENTURES, INC. operated the aforesaid premises.

22. Upon information and belief, and at all times hereinafter mentioned, the defendant, TGY REALTY, LLC operated the aforesaid premises.

23. Upon information and belief, and at all times hereinafter mentioned, the defendant, MILBANK 2723 WEBB, LLC, was in possession of the aforesaid premises.

24. Upon information and belief, and at all times hereinafter mentioned, the

defendant, MILBANK VENTURES, INC. was in possession of the aforesaid premises.

25. Upon information and belief, and at all times hereinafter mentioned, the defendant, TGY REALTY, LLC was in possession of the aforesaid premises.

26. Upon information and belief, and at all times hereinafter mentioned, the defendant, MILBANK 2723 WEBB, LLC, controlled the aforesaid premises.

27. Upon information and belief, and at all times hereinafter mentioned, the defendant, MILBANK VENTURES, INC. controlled the aforesaid premises.

28. Upon information and belief, and at all times hereinafter mentioned, the defendant, TGY REALTY, LLC controlled the aforesaid premises.

29. On or about May 1, 2007, the plaintiff herein, was lawfully and legally at said premises, walking down the stairs of said premises.

30. That defendants, their agents, servants and/or employees, suffered, permitted, caused and allowed the said stairs, steps and stairwell to be and to remain in an unsafe and hazardous condition.

31. On the aforesaid date, at the aforesaid location, plaintiff was caused to trip, fall or otherwise be precipitated to the ground by reason of the negligence of the defendants, thereby sustaining serious and severe personal injuries.

32. That the said occurrence and the serious and severe injuries sustained by this plaintiff were occasioned solely and wholly through and by reason of the carelessness, recklessness and negligence of the defendants, their agents, servants and/or employees in failing and omitting to exercise proper care and caution in the maintenance of the aforesaid premises used by persons lawfully on said premises; in failing and omitting to see to it that the stairs was at all times maintained in a reasonably safe and suitable

Case 1:08-cv-01234-PKL    Document 1    Filed 02/06/2008    Page 13 of 28
1/23/2008 11:00:39 AM    PAGE  14/017    Fax Server
Fax Server

Jan.18. 2008  3:10PM                                    No.6144   P. 11

condition; in carelessly and negligently causing, allowing and permitting for a long period of time, the said stairwell to be and to remain in an unsafe condition; in causing, permitting and allowing said areas of public accessibility to become, be and remain in an unsafe, hazardous and impassable condition by reason of the dangerous condition existing thereat; in failing and neglecting to properly warn the public and this plaintiff of said danger; in exposing this plaintiff to an unreasonable risk of harm or injury; in disregarding the knowledge and notice of the defendants, their agents, servants and/or employees of the aforesaid condition; in giving the users thereof a false sense of security and safety; in creating a menace, nuisance and trap thereat; in failing to give any notice or warning to persons lawfully walking and using said stairs and stairway of the inherently dangerous and hazardous conditions existing thereat; and the defendant was otherwise careless and negligent in failing and omitting to take proper and suitable precautions for this plaintiff's safety.

33. That the said occurrence and serious and severe injuries sustained by this plaintiff were occasioned without any negligence or want of care on the part of this plaintiff in any manner contributing thereto.

34. That by reason of the premises, as aforesaid, this plaintiff was rendered, sick, sore, lame and disabled, and her injuries, upon information and belief, are of a permanent nature; that by reason thereof, she has been prevented from following her usual vocation and has been obliged to incur expenses and obligations for medical care, attention and treatment and medicines and she is informed and she verily believes that she will in the future be obliged to incur further expenses and obligations for medication, medical care, attention and treatment, all to her damage and detriment.

Fax Server                1/23/2008 11:00:39 AM  PAGE  15/017  Fax Server

Jan.18. 2008  3:10PM                                        No.6144   P. 12

35.    That by reason of the foregoing, plaintiff has been damaged in a sum exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, plaintiff demand judgment against the defendants on all causes of action herein in a sum exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction, together with costs and disbursements of this action.

Dated: New York, New York
       October 1, 2007

Yours, etc.,

MICHAEL A. RUIZ
Michael A. Ruiz, PLLC
Attorney for Plaintiff
JOSE A. MENDEZ
61 Broadway, Suite 2820
New York, New York 10006
Telephone (212) 425-2100

## ATTORNEY'S VERIFICATION

MICHAEL A. RUIZ, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am the attorney of record for Plaintiffs, JOSE A. MENDEZ. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the plaintiff(s) maintain their offices.

DATED:     New York, NY
           October 1, 2007


                                    _____
                                          MICHAEL A. RUIZ

Exhibit B

Matthew S. Schultz (MSS 1518)
CONNELL FOLEY LLP
888 7th Avenue, Suite 3401
New York, New York 10106
(212) 262-2390
Attorneys for Defendants, Milbank 2723 Webb, LLC and Milbank Ventures, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE A. MENDEZ, <br><br>            Plaintiff, <br><br> v. <br><br> MILBANK 2723 WEBB, LLC, MILBANK VENTURES, INC. AND TGY REALTY, LLC, <br><br>            Defendants. | Civil Action No._____ <br> ECF Case <br><br><br> **ANSWER TO VERIFIED COMPLAINT, AFFIRMATIVE DEFENSES, AND DEMAND FOR TRIAL BY JURY** |

Defendants, Milbank 2723 Webb, LLC , a Delaware limited liability company with its principal place of business located in Los Angeles, California, and Milbank Ventures, Inc., a Delaware corporation with its principal place of business located in Los Angeles, California, (collectively "Defendants") by way of answer to the Verified Complaint filed by plaintiff, hereby say:

1.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 1 of the Verified Complaint.

2.    Defendants deny the allegations set forth in Paragraph 2 of the Verified Complaint.

3.    Defendants deny the allegations set forth in Paragraph 3 of the Verified Complaint. Defendant Milbank 2723 Webb, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Los Angeles, California. Defendant Milbank Ventures, Inc., is a corporation organized under the laws of the State of Delaware, with its principal place of business in Los Angeles, California.

4.    Defendants admit the allegations set forth in Paragraph 4 of the Verified Complaint.

5.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 5 of the Verified Complaint.

6.    Defendants deny the allegations set forth in Paragraph 6 of the Verified Complaint.

7.    Defendants admit the allegations set forth in Paragraph 7 of the Verified Complaint. Defendant Milbank Ventures, Inc., is a corporation organized under the laws of the State of Delaware, with its principal place of business in Los Angeles, California.

8.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 8 of the Verified Complaint.

9.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 9 of the Verified Complaint.

10.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 10 of the Verified Complaint.

11.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 11 of the Verified Complaint.

12.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 12 of the Verified Complaint.

13.    Defendants are without knowledge sufficient to admit or deny the allegations set forth in Paragraph 13 of the Verified Complaint.

14.    Defendants deny the allegations set forth in Paragraph 14 of the Verified Complaint.  By deed dated April 23, 2007, defendant Milbank 2723 Webb LLC took title to premises being known as and by the street number 2723 Webb Avenue, Bronx New York, also identified as Lot 169, Block 3248.

15.    Defendants deny the allegations set forth in Paragraph 15 of the Verified Complaint.

16.    Defendants are without knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 16 of the Verified Complaint.

17.    Defendants are without knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 17 of the Verified Complaint.

18.    Defendants are without knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 18 of the Verified Complaint.

19.    Defendants are without knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 19 of the Verified Complaint.

20.    Defendants are without knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 20 of the Verified Complaint.

21.    Defendants are without knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 21 of the Verified Complaint.

22.     Defendants are without knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 22 of the Verified Complaint.

23.     Defendants are without knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 23 of the Verified Complaint.

24.     Defendants are without knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 24 of the Verified Complaint.

25.     Defendants are without knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 25 of the Verified Complaint.

26.     Defendants are without knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 26 of the Verified Complaint.

27.     Defendants are without knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 27 of the Verified Complaint.

28.     Defendants are without knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 28 of the Verified Complaint.

29.     Defendants are without knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 29 of the Verified Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Verified Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Verified Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Verified Complaint.

33.    Defendants are without knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 33 of the Verified Complaint.

34.    Defendants deny the allegations set forth in Paragraph 34 of the Verified Complaint.

35.    Defendants deny the allegations set forth in Paragraph 35 of the Verified Complaint.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff(s)' Verified Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff(s)' Verified Complaint is barred by the applicable statute of limitations.

### THIRD SEPARATE DEFENSE

At the time and place alleged in the Verified Complaint, Defendants violated no legal duty, whether imposed by statute, administrative code or common law, owing to plaintiff(s).

### FOURTH SEPARATE DEFENSE

At the time and place alleged in the Verified Complaint, Defendants were not guilty of any negligence, wrongful act, or default which was a proximate cause of any injury or damages complained of by plaintiff(s).

### FIFTH SEPARATE DEFENSE

The damages alleged by plaintiff(s) were solely and proximately caused by the alleged negligence and/or intentional conduct of third parties over whom Defendants had no direction or control.

## SIXTH SEPARATE DEFENSE

Plaintiff(s)' Verified Complaint, in whole or in part, is barred by the doctrine of comparative negligence.

## SEVENTH SEPARATE DEFENSE

Defendants reserve the right to move to dismiss the Verified Complaint on the grounds that it fails to set forth a cognizable legal cause of action.

## EIGHTH SEPARATE DEFENSE

Defendants reserve the right to move to dismiss the Verified Complaint on the grounds that plaintiff(s) has failed to join a necessary party to the within action and, accordingly, the Court has no jurisdiction to grant the relief asserted by plaintiff(s).

## NINTH SEPARATE DEFENSE

Defendants reserve the right to move to dismiss the Verified Complaint for insufficient process.

## TENTH SEPARATE DEFENSE

That any sums or consideration paid or promised to plaintiff(s) by any person(s) or entity(ies) claimed to be liable for the injuries or damages alleged in the Verified Complaint shall reduce any judgment rendered in favor of plaintiff(s) as against Defendants to the extent of the greater of either the sums or consideration paid or promised to plaintiff(s) or the amount of the released tortfeasor's(s') equitable share(s) or the damages in accordance with General Obligation Law Section 15-108.

## ELEVENTH SEPARATE DEFENSE

That any verdict in the within action for past, present and future medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, should be

reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part from any collateral source, in accordance with the provisions and limitations of Section 4545(c) of the CPLR.

### TWELFTH SEPARATE DEFENSE

The damages allegedly sustained by plaintiff(s), to the extent plaintiff(s) may be able to prove any injuries and/or damages, said damages were proximately caused by intervening and/or superseding acts and/or fault of the plaintiff(s) and/or persons over whom the Defendants had not control or right of control and for whose actions Defendants are not liable.

### THIRTEENTH SEPARATE DEFENSE

The personal injuries alleged to have been sustained by plaintiff(s) were caused in whole or in part as a result of the culpable conduct attributable to plaintiff(s), including, but not limited to, plaintiff(s)' contributory negligence and/or assumption of the risk. Pursuant to Article 14-A of the CPLR, Defendants seeks a reduction of any recovery had by plaintiff(s) in the proportion which the culpable conduct attributable to plaintiff(s) or any co-defendant bears to the culpable conduct which caused the damages.

### FOURTEENTH SEPARATE DEFENSE

Upon information and belief, at the time and place alleged in the Verified Complaint, any damages or injury caused to plaintiff(s) was the result of plaintiff(s)' own unpreventable misconduct.

### FIFTEENTH SEPARATE DEFENSE

To the extent that plaintiff has failed to mitigate, minimize or avoid any damages they allegedly sustained, any recovery against USB must be reduced by that amount.

## SIXTEENTH SEPARATE DEFENSE

Defendants, at the time period alleged in the Complaint, did not control, own, maintain, operate or make special use of the instrumentality, object or portion of the premises which is the subject of this litigation, which plaintiff's claim resulted in the alleged injuries and/or damages complained of in the Complaint.

## SEVENTEENTH SEPARATE DEFENSE

If it is shown that plaintiff was caused to sustain injuries and/or damages as a result of any substance, object or condition, claimed by plaintiff to have caused and/or contributed to the incident upon which the Complaint is based, such substance, object or condition was created, introduced or caused by persons or parties unknown to Defendants and over whom Defendants exercised no authority or control and that Defendants did not have prior notice of the existence of such substance or condition.

## EIGHTEENTH SEPARATE DEFENSE

If plaintiff was caused to sustain injuries and/or damages as a result of any object or condition claimed by plaintiff to have caused and/or contributed to this accident, such object or condition, the existence of which is or may be denied by Defendants was in plain sight, open and obvious, and had plaintiff exercised due care, using sight and senses as a reasonable person, plaintiffs would completely avoided the alleged injuries and/or damages.

## NINETEENTH SEPARATE DEFENSE

USB does not owe a duty of indemnity by way of common law, contract or otherwise, for any of the matters referred to in the Complaint.

## TWENTIETH SEPARATE DEFENSE

The liability of Defendants is limited under the terms of Article 16 of the CPLR.

## TWENTY-FIRST SEPARATE DEFENSE

Defendants reserves the right to amend their Answer to the Verified Complaint to assert such additional defenses, cross-claims or counterclaims as may become apparent during the continuing course of discovery in this matter. In addition, Defendants reserve the right to amend its Answer to assert additional affirmative defenses to the extent that the law of the State of New York changes or develops requiring such amendment.

## CROSS-CLAIM AGAINST CO-DEFENDANTS

Defendants, Milbank 2723 Webb, LLC and Milbank Ventures, Inc., allege that if plaintiff(s) were caused to sustain damages through any carelessness, recklessness or negligence other than plaintiff(s)' own, then said damages arose in whole or in part from the acts or omissions of co-Defendants. If judgment is recovered herein by plaintiff(s) against Defendants, then Milbank 2723 Webb, LLC and Milbank Ventures, Inc., will be damaged and co-Defendants will be bound to indemnify and/or contribute to Defendants in whole or in part by reason of its responsibility for the alleged occurrence.

## ANSWER TO ALL CROSS-CLAIMS

Defendants, Milbank 2723 Webb, LLC and Milbank Ventures, Inc., deny each and every allegation contained in any and all Cross-claims filed or to be filed against them and leaves such cross-claimants to their proofs as to all issues.

## DEMAND FOR TRIAL BY JURY

Defendants, Milbank 2723 Webb, LLC and Milbank Ventures, Inc., hereby demand a trial by jury as to all issues.

CONNELL FOLEY LLP
Attorneys for Defendants,
Milbank 2723 Webb, LLC and Milbank Ventures,
Inc.,

By: _____
　　　Matthew S. Schultz

Dated: February 4, 2008

Matthew S. Schultz (MSS 1518)
CONNELL FOLEY LLP
888 7th Avenue, Suite 3401
New York, New York  10106
(212) 262-2390
Attorneys for Defendants, Milbank 2723 Webb, LLC and Milbank Ventures, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE A. MENDEZ<br><br>        Plaintiff,<br><br>v.<br><br>MILBANK 2723 WEBB, LLC, MILBANK VENTURES, INC. AND TGY REALTY, LLC<br><br>        Defendants. | Civil Action No. _____<br><br>(HONORABLE _____)<br><br><br>**CERTIFICATION OF SERVICE** |

I, Matthew S. Schultz, hereby certify that I caused true and correct copies of defendants' Notice of Removal and supporting papers to be served via Federal Express on the 5th day of February, 2008, upon plaintiff's counsel at the following address:

Michael A. Ruiz, Esq.
Michael A. Ruiz, PLLC
61 Broadway, Suite 2820
New York, New York 10006
Attorney for Plaintiff

I further certify that on this same date, I caused true and correct copies of defendants' Notice of Removal and supporting papers to be served via Federal Express on the 5th day of February, 2008, upon co-defendant, TGY Realty LLC at the following address:

TGY Realty LLC
36-08 30th Avenue
Astoria, NY 11103

04191/075661
1915067-01

I further certify that on this same date, I caused an original and two (2) copies of these papers to be served upon the Clerk of the United States District Court for the Southern District of New York via Federal Express at the following address:

> Clerk of the United States District Court
> Southern District of New York
> U.S. Courthouse
> 500 Pearl Street, Room 120
> New York, NY  10007-1312

I further certify that on the same date, I caused an original and two (2) copies of defendant's Notice of the Filing of a Notice of Removal to be filed with the Supreme Court of the State of New York, County of Bronx via Federal Express.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
MATTHEW S. SCHULTZ

Dated:  February 5, 2008